## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

KELLY PAYNE, an individual,     )
and BRAD LEE SPEARS, an     )
individual,     )
     )
       Plaintiffs,     )
     )
vs.     )    CASE NO.  CIV-16-1235-F
     )
SESLEY TRUCKING, L.L.C., a     )
Tennessee limited liability company,     )
and ALLEN LEONARD SESLEY,     )
an individual,     )
     )
       Defendants.     )

## COMPLAINT

COME NOW, the Plaintiffs, Kelly Payne and Brad Lee Spears,  (hereinafter "Payne" and "Spears" respectively or, "Plaintiffs" collectively) and for their complaint against Sesley Trucking, L.L.C. and Allen Leonard Sesley (hereinafter "Sesley Trucking" and "Sesley" respectively or, Defendants, collectively), hereby alleges and states as follows:

## GENERAL AND BACKGROUND ALLEGATIONS

1.     The Plaintiffs were, and are, at all times relevant hereto, residents of Oklahoma County, State of Oklahoma.

2.     That upon information and belief, Defendant, Sesley Trucking, is a Tennessee limited liability company with its principal place of business located in Rossville, Tennessee. Further, upon information and belief, and at all times mentioned herein, Defendant, Sesley Trucking, employed commercial motor vehicle drivers to operate Defendant, Sesley

Trucking's, commercial motor vehicles throughout the United States, including the State of Oklahoma.

3.      That upon information and belief, Defendant, Sesley, is an individual resident of the State of Tennessee, and at all times mentioned herein, was a commercial motor vehicle driver employed by Defendant, Sesley Trucking, to drive Defendant, Sesley Trucking's, commercial motor vehicles throughout the United States, including the State of Oklahoma.

4.      That on December 26th, 2015, at approximately 10:48 p.m., Plaintiffs were driving their automobile eastbound on Interstate 40 in Beckham County, State of Oklahoma.

5.      That at the same time, a commercial motor vehicle, owned by Defendant, Sesley Trucking, and operated by Defendant, Sesley, was traveling westbound on Interstate 40 through Beckham County, State of Oklahoma.

6.      That the atmospheric and road conditions present at this time and location were not optimal and included rain, snow, ice and high winds.

7.      That on this date and time, Defendant, Sesley, was driving the commercial motor vehicle owned by Defendant, Sesley Trucking, at an unsafe speed for the road conditions.

8.      That as a result of Defendants' negligence, at approximately mile marker 36 near the town of Elk City, Oklahoma, Defendants' commercial motor vehicle veered south, broke through a cable barrier, crossed the entirety of the center median and into the eastbound lane of Interstate 40, colliding with the vehicle in which the Plaintiffs were traveling.

2

9.      That Plaintiffs were pinned under the wreckage for approximately two (2) hours until they were finally extracted by emergency personnel using the Jaws of Life.

10.     That as a result of this collision, both Plaintiffs have suffered significant and lasting physical and emotional injuries.

11.     That at all relevant times mentioned herein, Plaintiffs operated their motor vehicle properly, reasonably and lawfully.

12.     That pursuant to 28 U.S.C.A. §1332, this Court has jurisdiction over this matter, as complete diversity exists between Plaintiffs and Defendants. Furthermore, pursuant to 28 U.S.C.A. §1332, the amount in controversy exceeds the total of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

13.     That pursuant to 28 U.S.C.A. §1391, venue is proper in the United States District Court for the Western District of Oklahoma, in that a substantial part of the events and/or omissions giving rise to this action occurred in and around Beckham County, State of Oklahoma.

## FIRST CAUSE OF ACTION
### (Negligence)

14.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

15.     That on December 26th, 2015, Defendant, Sesley, negligently drove a commercial motor vehicle owned, leased, controlled and/or maintained by Defendant, Sesley Trucking, causing a collision with the vehicle occupied by Plaintiffs.

16.     That Defendant, Sesley's, operation of the commercial motor vehicle was unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner under the road conditions at the time which caused said vehicle to crash into Plaintiffs' vehicle.

17.     That as a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving of Defendant, Sesley, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injuries to their person that have caused Plaintiffs great mental, physical, emotional, and nervous pain and suffering. As a result of these injuries, Plaintiffs have suffered general damages in an amount in excess of the minimum jurisdiction of this Court.

18.     That as a further direct and legal result of the negligence of Defendants, Plaintiffs have incurred medical related expenses. Plaintiffs do not know at this time the exact amount of the expenses that have been incurred due to the delayed billing cycles and bills and expenses not yet received. When Plaintiffs have ascertained this amount, they will seek leave of the court, to amend this complaint to insert this amount.

19.     That as a further direct and legal result of the negligence of Defendants, Plaintiffs have incurred, and will continue to incur, lost wages. Plaintiffs do not know at this time the exact amount of the lost wages that have been incurred and that will be determined in the future. When Plaintiffs have ascertained this amount, they will seek leave of court to amend this complaint to insert this amount.

20.     That as further direct and legal result of the negligence of Defendants, Plaintiff, Payne's, vehicle was damaged beyond repair and she was forced to incur towing, storage,

4

and other related charges. Plaintiff, Payne, is entitled to recover the fair market value of the vehicle at the time of the accident, as well as all other charges associated with the towing and storage of the same.

21.     That at all relevant times mentioned herein, the acts or omissions of Defendants were performed in reckless disregard for the rights and safety of others, specifically the Plaintiffs, and Plaintiffs are entitled to an award of punitive damages in excess of the minimum jurisdiction of this Court.

## SECOND CAUSE OF ACTION
### (Respondeat Superior)

22.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

23.     That at all relevant times mention herein, Defendant, Sesley Trucking, was a for profit limited liability company engaged in the interstate trucking and transportation business and was owned and operated by Defendant, Sesley.

24.     That at the time of the accident in question, Defendant, Sesley, was an employee of Defendant, Sesley Trucking, and operating the commercial motor vehicle under the DOT authority of Defendant, Sesley Trucking.

25.     That Defendant, Sesley, while employed by, acting on behalf of and in the course of his employment for Defendant, Sesley Trucking, drove Defendant, Sesley Trucking's, commercial motor vehicle in an unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner so as to cause said vehicle to crash into Plaintiffs'

5

vehicle.

26.     That Defendant, Sesley Trucking, is responsible for the actions of its employee, Defendant, Sesley, in that there was either an agency relationship or employment relationship created for the operation of the commercial motor vehicle being operated by Defendant, Sesley, at the time of the accident.

27.     That as a direct and proximate result of the unsafe, negligent, careless, incompetent, hazardous, and otherwise wrongful manner of driving of Defendant, Sesley, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injuries to their person that have caused Plaintiffs great mental, physical, emotional, and nervous pain and suffering. As a result of these injuries, Plaintiffs have suffered general damages in an amount in excess of the minimum jurisdiction of this Court.

28.     That as a further direct and legal result of the negligence of Defendants, Plaintiffs have incurred medical related expenses. Plaintiffs do not know at this time the exact amount of the expenses that have been incurred. When Plaintiffs have ascertained this amount, they will seek leave of the court, to amend this complaint to insert this amount.

29.     That as a further direct and legal result of the negligence of Defendants, Plaintiffs have incurred, and will continue to incur, lost wages. Plaintiffs do not know at this time the exact amount of the lost wages that have been incurred and that will be determined in the future. When Plaintiffs have ascertained this amount, they will seek leave of court to amend this complaint to insert this amount.

30.     That as further direct and legal result of the negligence of Defendants, Plaintiff,

Payne's, vehicle was damaged beyond repair and she was forced to incur towing, storage, and other related charges. Plaintiff, Payne, is entitled to recover the fair market value of the vehicle at the time of the accident, as well as all other charges associated with the towing and storage of the same.

31.     That at all relevant times mentioned herein, the acts or omissions of Defendants were performed in reckless disregard for the rights and safety of others, specifically the Plaintiffs, and Plaintiffs are entitled to an award of punitive damages in excess of the minimum jurisdiction of this Court.

### THIRD CAUSE OF ACTION
**(Negligent Hiring, Training, Supervision and Retention)**

32.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

33.     That Defendant, Sesley Trucking, had a duty of care in the hiring, training, supervision, and retention of its employees. Defendant, had a further duty of due care to investigate the background of its employees, especially in light of the particular risk or hazard that the breach of that duty poses to other persons, such as Plaintiffs. Defendants breached their duty in that, among other things, they 1) knew or had reason to know that Defendant, Sesley, was not properly trained to safely operate a commercial motor vehicle; and, 2) knew or had reason to know that Defendant, Sesley, was not properly trained in compliance with Federal, State, and Local safety/trucking standards, regulations, codes, laws, and ordinances, including, but not limited to, the Federal Motor Carrier Safety Regulations.

34.     That despite the foregoing, Defendant, Sesley Trucking, negligently, recklessly, and carelessly permitted Defendant, Sesley, to operate one of its commercial motor vehicles in the course and scope of his employment with Defendant.

35.     That as a direct and proximate result of the acts of Defendants, Plaintiffs sustained severe and serious injuries to their person, including but not limited to severe physical injury, severe emotional distress, medical bills, lost wages, both past and future, and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

36.     That at all relevant times mentioned herein, the acts or omissions of Defendants were performed in reckless disregard for the rights and safety of others, specifically the Plaintiffs, and Plaintiffs are entitled to an award of punitive damages in excess of the minimum jurisdiction of this Court.

## FOURTH CAUSE OF ACTION
### (Negligence per se)

37.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

38.     Plaintiffs incorporate by reference 49 C.F.R. § 383.111 (Required Knowledge).

39.     That 49 C.F.R. § 383.111 requires an operator of a commercial motor vehicle to know, among other things, the procedures for safe vehicle operations, the effects of fatigue, safe vehicle control, basic control, visual search, speed management, space management, extreme driving conditions, hazard perceptions, and emergency maneuvers.

This regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle.

40.     That Plaintiffs, operators of a motor vehicle are a member of the class, persons on public roadways, that 49 C.F.R. § 383.111 was intended to protect.

41.     That on December 26th, 2015, Defendant, Sesley, operated, and Defendant, Sesley Trucking, allowed Defendant, Sesley, to operate Defendant, Sesley Trucking's, commercial motor vehicle, in the course and scope of his employment with Defendant, Sesley Trucking, with knowledge that Defendant, Sesley, did not possess the required knowledge to safely operate a commercial motor vehicle. Defendant, Sesley's, operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.111 was intended to protect against.

42.     That as a direct and proximate result of the acts of Defendants, Plaintiffs sustained severe and serious injuries to their person, including but not limited to severe physical injury; severe emotional distress; medical bills; lost wages, both past and future; economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

## FIFTH CAUSE OF ACTION
### (Negligence per se)

43.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

44.     Plaintiffs incorporate by reference 49 C.F.R. § 383.113 (Required Skills).

45.     That 49 C.F.R. § 383.113 requires an operator of a commercial motor vehicle to possess and demonstrate basic vehicle control skills, safe driving skills, and airbrake skills. This regulation ensures that commercial motor vehicle operators are qualified to safely operate a commercial motor vehicle.

46.     That Plaintiffs, operators of a motor vehicle are a member of the class, persons on public roadways, that 49 C.F.R. § 383.113 was intended to protect.

47.     That on December 26th, 2015, Defendant, Sesley, operated and Defendant, Sesley Trucking, allowed Defendant, Sesley, to operate Defendant, Sesley Trucking's, commercial motor vehicle, in the course and scope of his employment with Defendant, Sesley Trucking, with knowledge that Defendant, Sesley, did not possess the required skills to safely operate a commercial motor vehicle. Defendant, Sesley's, operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 383.113 was intended to protect against.

48.     That as a direct and proximate result of the acts of Defendants, Plaintiffs sustained serious injury to their persons, including but not limited to, severe physical injury; severe emotional distress; medical bills; lost wages, both past and future; and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

## SIXTH CAUSE OF ACTION
### (Negligence per se)

49.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

50.     Plaintiffs incorporate by reference 49 C.F.R. § 392.3 (Fatigued Operator).

51.     That 49 C.F.R. § 392.3 prevents an operator of a commercial motor vehicle and a motor carrier requiring or permitting a driver of a commercial motor vehicle from driving a commercial motor vehicle while the driver's ability or alertness are impaired or likely to become impaired due to fatigue. This regulation ensures that commercial motor vehicle operators are qualified to legally and safely operate a commercial motor vehicle.

52.     That on December 26th, 2015, Defendant, Sesley, operated and Defendant, Sesley Trucking, allowed Defendant, Sesley, to operate Defendant, Sesley Trucking's, commercial motor vehicle, in the course and scope of his employment with Defendant, Sesley Trucking, with knowledge that Defendant, Sesley's, ability or alertness was impaired or likely to become impaired due to fatigue. Defendant, Sesley's, operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 392.3 was intended to protect against.

53.     That as a direct and proximate result of the acts of Defendants, Plaintiffs sustained serious injury to their persons, including but not limited to, severe physical injury; severe emotional distress; medical bills; lost wages, both past and future; and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

## SEVENTH CAUSE OF ACTION
### (Negligence per se)

54.     That each and every allegation and averment above set forth are incorporated herein as if fully written forth.

55.     Plaintiffs incorporate by reference 49 C.F.R. § 392.14 (Hazardous Conditions Extreme Caution).

56.     That 49 C.F.R. § 392.14 requires an operator of a commercial motor vehicle to exercise extreme caution when hazardous conditions, such as ice or rain, adversely affect visibility or traction including the reduction of speed and/or the discontinuation of operation. This regulation ensures that commercial motor vehicle operators safely operate a commercial motor vehicle.

57.     That on December 26th, 2015, Defendant, Sesley, operated and Defendant, Sesley Trucking, allowed Defendant, Sesley, to operate Defendant, Sesley Trucking's, commercial motor vehicle, in the course and scope of his employment with Defendant, Sesley Trucking, while hazardous conditions, including, rain, ice, snow and high winds, adversely affected his visibility and traction. Defendant, Sesley, failed to reduce his speed and/or discontinue his operation of said commercial motor vehicle. Defendant, Sesley's, operation of said vehicle caused it to strike Plaintiffs' vehicle, proximately causing the type of injuries that 49 C.F.R. § 392.14 was intended to protect against.

58.     That as a direct and proximate result of the acts of Defendants, Plaintiffs sustained serious injury to their persons, including but not limited to, severe physical injury; severe emotional distress; medical bills; lost wages, both past and future; and economic and noneconomic damages in a sum in excess of the minimum jurisdiction of this Court.

WHEREFORE, above premises considered, Plaintiffs, Kelly Payne and Brad Lee Spears, respectfully pray this Court award them damages against each Defendant as follows:

1)   For general damages in an amount according to proof but in no event less than $75,000, exclusive of interest and costs;

2)   For special damages in an amount according to proof but in no event less than $75,000;

3)   For medical and related expenses, past and future, according to proof;

4)   For wage loss, past and future, according to proof;

5)   For interest at the legal rate according to proof;

6)   For costs of suit herein incurred;

7)   For attorney's fees in an amount according to proof;

8)   For such other and further relief as this Court deems appropriate, circumstances considered.

RESPECTFULLY SUBMITTED,

/s/ L. Matthew Dobson
Kyle Goodwin, OBA #17036
Jon Lee, OBA #19860
L. Matthew Dobson, OBA#20678
LEE GOODWIN LEE LEWIS & DOBSON
1300 East 9th Street, Suite 1
Edmond, OK 73034
(405)-330-0118 (Telephone)
(405)-330-0767 (Facsimile)
kgoodwin@edmondlawoffice.com
jtlee@edmondlawoffice.com
mdobson@edmondlawoffice.com
*Attorneys for Plaintiffs*

13

**ATTORNEY LIEN CLAIMED**